UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-00141-EHJ

ROGER D. KIRKWOOD                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                  DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Roger D. Kirkwood ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 10) and the defendant (DN 12) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 8) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered February 6, 2007 (DN 8), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income payments on January 26, 2004 (Tr. 51-53). Plaintiff alleged that he became disabled on December 31, 1992 as a result of nerves, depression, cancer, as well as neck, back and shoulder problems (Tr. 15, 51, 62).

Administrative Law Judge Thomas R. Bryan ("ALJ") conducted a hearing on September 15, 2005 in Madisonville, Kentucky (Tr. 327). The plaintiff was present and represented by attorney Wendell Holloway. Notably, a vocational expert did not testify during the hearing.

In a decision dated December 23, 2005, the ALJ applied the five-step sequential evaluation process to plaintiff's disability claim (Tr. 14-21). At the first step, the ALJ found plaintiff has not engaged in substantial gainful activity since his alleged onset date of December 31, 1992 (Tr. 15). At the second step, the ALJ found plaintiff's personality disorder and alcohol dependence are "severe" impairments within the meaning of the regulations (Tr. 15). He also found plaintiff's mild degenerative disc disease and history of colon cancer, status-post surgery, are non-severe impairments within the meaning of the regulations (Tr. 16). At the third step, the ALJ found plaintiff's "severe" impairments are not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 15-16).

At the fourth step, the ALJ's residual functional capacity findings indicate while plaintiff has the physical ability to work at any exertional level he is limited to performing simple types of jobs that do not require interaction with the public due to his mental impairment (Tr. 18, 19, 21). Since plaintiff has no past relevant work, the ALJ proceeded to the fifth step in the sequential evaluation process (Tr. 19).

At the fifth step, the ALJ found plaintiff is an individual of advanced age with a marginal education and no transferrable skills (Tr. 20, 21). Relying on Social Security Ruling 85-16, the ALJ found plaintiff's mental limitations do not significantly erode the occupational base for unskilled jobs (Tr. 20). Next, the ALJ noted that if Section 204.00 of the Medical-Vocational Guidelines is used "as a framework for decision-making" plaintiff is not disabled (Tr. 20). The ALJ then found "there is a significant number of jobs in the national economy that the claimant can

perform given his age, education, past relevant work experience, and residual functional capacity." (Tr. 20). He then commented "[t]he existence of such jobs is met by Administrative notice" (Tr. 20).

Plaintiff timely filed a request for review by the Appeals Council (Tr. 10). In support of his request for review, plaintiff included copies of medical reports covering the period December 1988 through February 1992 as well as a psychological assessment from Wayne Fuller, MA, dated January 12, 2006 (Tr. 9, 301-326). The Appeals Council denied plaintiff's request for review (Tr. 6-8). Notably, the Appeals Council indicated the additional medical evidence did not provide a basis for changing the ALJ's decision (Tr. 6-7).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

3

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor

resolve conflicts in evidence, nor decide questions of credibility." <u>Cohen v. Secretary of Health and Human Serv's.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff has challenged the ALJ's credibility and residual functional capacity findings at the fourth step in the sequential evaluation process (DN 10). It is not necessary to address the merits of these challenges because there are two instances where the ALJ did not apply the correct legal standards, both of which rise to the level of reversible error. The first instance came to the undersigned's attention while addressing a challenge raised by plaintiff. Specifically, the ALJ erred in moving to the fifth step of the sequential evaluation process without first considering the implications of Social Security Ruling 82-63 on plaintiff's application.

> In relevant part Social Security Ruling 82-63 reads:
>
> "Generally, where an individual of advanced age with no relevant work experience has a limited education or less, a finding of an inability to make a vocational adjustment to substantial work will be made, provided his or her impairment(s) is severe, i.e., significantly limits his or her physical or mental capacity to perform basic work-related functions.
>
> In the cases involving individuals of advanced age, the only medical issue is the existence of a severe medically determinable impairment. The only vocational issues are advanced age, limited education or less, and absence of relevant work experience. With affirmative findings of fact, the conclusion would generally follow that the claimant or beneficiary is under a disability..."

Social Security Ruling 82-63, 1982 WL 31390, *5 (1982). Notably, footnote one to Social Security Ruling 96-8p cites Social Security Ruling 82-63 and states that "a finding of 'disabled' will be made for an individual who: a) has a severe impairment(s), b) has no past relevant work, c) is age 55 or older, and d) has no more than a limited education." Social Security Ruling 96-8p, 1996 WL 374184, *8 (1996). Additionally, Social Security Ruling 85-15 cites Social Security Ruling 82-63

5

and states "[s]omeone who is of advanced age, has a limited education, has no relevant work experience, and has more than a nonsevere mental impairment will generally be found disabled." Social Security Ruling 85-15, 1985 WL 56857, *5 (1985) (Example 2).

Here, the ALJ found plaintiff has a "severe" mental impairment, he has no past relevant work experience, he has a "marginal education," and he is of "advanced age" (Tr. 15, 19, 20, 21). Clearly, the ALJ's own findings demonstrate that plaintiff falls within the contours of Social Security Ruling 82-63. Therefore, the ALJ should have assessed the effect this ruling would have on his disability determination. By failing to consider this ruling, the ALJ did not apply the correct legal standard in making this disability determination.[1] Because the ALJ did not consider Social Security Ruling 82-63 in making his determination, the undersigned recommends the Court remand the case with directions that the Administrative Law Judge reassess plaintiff's application in accordance with this ruling.

The undersigned will now address the second instance where the ALJ did not apply the correct legal standard. Essentially plaintiff argues by failing to obtain expert testimony the ALJ did not employ the appropriate legal criteria in making his findings at the fifth step.

At the fifth step, the Commissioner has the burden of demonstrating there exists a significant number of jobs in the national economy that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 416.920(a)(4)(v) and (g); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175,

---

[1] In reaching this conclusion the undersigned has considered the holding in an unpublished Sixth Circuit opinion, Farmer v. Apfel, 202 F.3d 268 (6th Cir. 2000). While this case has no precedential value it does serve to reinforce the undersigned's conclusion.

1181 (6th Cir. 1990). If a claimant's age, education, previous work experience and residual functional capacity coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the Medical-Vocational Guidelines, then the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. § 416.969; 20 C.F.R. Pt. 404, Subpt.P, App.2, § 200.00; Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1174 (6th Cir. 1990); Moon, 923 F.2d at 1181. If, however, a claimant suffers from an exertional impairment and a non-exertional impairment then the Commissioner may use the Grid Rules only as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 416.966(e), 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771 (6th Cir. 1987); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-529 (6th Cir. 1981).

If, however, a claimant has solely a non-exertional impairment(s), then the Grid Rules do not direct conclusions of disabled or not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(1); Social Security Ruling 85-15, 1985 WL 56857, *1 (1985). The disability determination shall, instead, "be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in this appendix 2." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(1); Social Security Ruling 85-15, 1985 WL 56857, *1 (1985).

Here, the ALJ considered Section 204.00 of the Medical-Vocational Guidelines along with Social Security Ruling 85-16 (Tr. 20). The ALJ concluded plaintiff's occupational base was not significantly eroded by the effects of his mental limitations. Therefore, the ALJ found that plaintiff is capable of performing a significant number of jobs in the national economy given his age,

education, past relevant work experience, and residual functional capacity (Tr. 20). However, the ALJ's analysis overlooks a key section within Social Security Ruling 85-15.

When an Administrative Law Judge assesses the effects that a mental impairment has on the occupational base he or she must also consider adversities in the claimant's age, education, and work experience. Social Security Ruling 85-15, 1985 WL 56857, *4 (1985). For example "[s]omeone who is advanced age, has a limited education, has no relevant work experience, and has more than a nonsevere mental impairment will generally be found disabled." Social Security Ruling 85-15, 1985 WL 56857, *5 (1985) (citing Social Security Ruling 82-63). Given the ALJ's findings - - plaintiff is of advanced age, has a marginal education, has no relevant work experience, and has a severe mental impairment - - the ruling creates a presumption that plaintiff will be found disabled. To rebut this presumption the ALJ needed testimony from a vocational expert. Social Security Ruling 85-15, 1985 WL 56857, *2-6 (1985). Since the ALJ did not make his determination based on the testimony of a vocational expert, he failed to apply the correct legal standard.

If, on remand, an Administrative Law Judge determines that Social Security Ruling 82-63 does not direct a finding of disabled, then at the fifth step the Administrative Law Judge must consider testimony from a vocational expert before determining whether plaintiff is capable of performing a significant number of jobs in the national economy given his age, education, past relevant work experience, and residual functional capacity.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the correct legal standards were not applied, and it is recommended that, pursuant to sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner be REVERSED and this matter be REMANDED for further

8

administrative proceedings so that the Administrative Law Judge may reassess plaintiff's application in light of Social Security Ruling 82-63.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:	Counsel